UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN SROGA, | |
| Plaintiff, | No. 19 C 05717 |
| v. | Judge Thomas M. Durkin |
| CITY OF CHICAGO, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kevin Sroga seeks relief from the Court's July 10, 2020 order dismissing this matter for want of prosecution. On August 9, 2021, Sroga filed the instant motion asking the Court to vacate its dismissal order pursuant to Federal Rule of Civil Procedure 60(b) or, in the alternative, to alter or amend the judgment under Rule 59(e). R. 57. Sroga's motion is denied.

Sroga originally filed this suit *pro se* in 2019. On June 4, 2020, Defendant filed a motion to compel discovery responses, in which it stated that Sroga had failed to provide the mandatory initial disclosures or respond to Defendant's written discovery in accordance with the Standing Order Regarding Mandatory Initial Discovery Pilot Project ("MIDP"). R. 50. Sroga failed to respond to that motion within the time limit set by the Court, and on June 24, 2020, the Court granted Defendant's motion. In that order, the Court warned Sroga that failure to provide his MIDP disclosures within 14 days (*i.e.*, by July 8, 2020) would result in dismissal of the case for failure to prosecute. R. 52. On July 10, 2020, after Sroga failed to provide any disclosures as

1

ordered, the Court granted Defendant's motion to dismiss for lack of prosecution and terminated the case. R. 54, 56.

On August 9, 2021, Sroga filed the instant motion to vacate the Court's dismissal order pursuant to FRCP 60(b). In his motion, Sroga argues that relief is warranted due to "excusable neglect," citing to the myriad disruptions caused by the COVID-19 pandemic and several personal concerns that apparently occupied his time. Sroga states that he does not receive case updates via Pacer or use the internet to view court related information, and as such only learned of the dismissal of this case in May 2021, after visiting the Court in person. He then allegedly mixed up this case with another of his matters before this Court, initially leading him to believe the deadline to file a 60(b) motion in this case was August 31, 2021.

Sroga's Rule 60 motion must be denied as untimely. The Court's order dismissing his complaint and terminating his case was dated July 10, 2020. Federal Rule of Civil Procedure 60(c) states that a motion under Rule 60(b) premised on "excusable neglect" as listed in subsection (1) must be made no more than a year after the entry of the final judgment or order. This one-year outer time limit may not be extended. Fed. R. Civ. P. 6(b)(2). Accordingly, Sroga had until July 10, 2021 to file his motion. He missed this deadline by nearly a month.

Recognizing the one-year deadline has expired, Sroga asks the Court to apply Rule 59(e), reasoning that "a failure to re-file within the one-year statutory time frame is essentially a dismissal on the merits of the case" and that this Rule 59(e) motion would be timely as measured from July 10, *2021*. R. 57 ¶ 16. This complicated

timing loophole seems pulled from thin air, even assuming all Sroga's calendar calculations are correct. Rule 59(e) is not a mechanism for extending the deadline for 60(b) motions beyond the one-year limit. Indeed, Rule 59(e) contains its own 28-day deadline tied to the date judgment is entered—it says nothing about a later date when that judgment becomes "final." Accordingly, any Rule 59(e) motion was due 28 days from the order terminating Sroga's case, a date long since passed.

Setting aside the timing issues, Sroga's motion also lacks substantive merit. The cause of his delay appears to be his own failure to keep himself apprised of the status of the case. Failure to "track an active case is not 'excusable neglect' under Rule 60(b)(1)." *Shaffer v. Lashbrook*, 962 F.3d 313, 317 (7th Cir. 2020). While the Court is sensitive to Sroga's *pro se* status and the complications wrought by the COVID-19 pandemic, none of the Court's Emergency Orders (which all predated dismissal) impacted the deadlines under Rule 59(e) or 60(b). Sroga also offers no explanation for why he could not seek relief in the time between when he admittedly learned of the dismissal in this case and the expiration of the one-year deadline.

Accordingly, Sroga's motion to vacate the order of dismissal for want of prosecution, or in the alternative to alter or amend the judgment [R. 57], is denied.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: December 1, 2021